IN THE MATTER OF THE HEBREW BENEVOLENT AND ORPHAN ASYLUM OF THE CITY OF NEW YORK, TO VACATE AN ASSESSMENT, ETC.[*]

*Assessments in city of New York — valuation by ward assessors —* § 7, *chap.* 326 *of* 1840 *— Irregularity in levying assessment — corrected under* § 27, *chap.* 383, 1870.

It is a sufficient compliance with the requirements of section 7 of chapter 326 of 1840 — providing that the commissioners or assessors for making estimates and assessments for any improvements in the city of New York, authorized by law to be assessed upon the owners and occupants of houses and lots shall, in no case, assess any house or lot for more than one-half the value of the same, as valued by the ward assessors in which the same is situated — that such house or lot has been valued by the ward assessors at any time previous to the imposition of the assessment.

[*] Three other cases, *The Matter of the Second Baptist Church of Harlem, The Matter of the Central Presbyterian Church,* and *The Matter of Congregation of Sheari Zedek,* were all decided at the same term upon the principle laid down in this case. — [REP.

Accordingly, *held*, that where the property of the petitioners had been valued by the ward assessors in the years 1854, 1855 and 1856, an assessment might be imposed thereon in the year 1869, though no valuation had been placed thereon after 1856.

*Second Avenue Methodist Church* (Court of Appeals, MS.) distinguished.

An assessment, exceeding in amount one-half of the value placed upon the property by the ward assessors, is irregular only, and may be corrected under section 27 of chapter 383 of 1870.

APPEAL from an order made at the Special Term, denying a motion to vacate certain assessments imposed upon the property of

---

The following case, involving the same question, was decided at this term:

IN THE MATTER OF THE PETITION OF ST. JOSEPH'S ASYLUM TO VACATE ASSESSMENT.

APPEAL from an order made at Special Term denying a motion to vacate an assessment.

The petitioner, to maintain the issues on its part, introduced in evidence four assessment lists, by which assessment lists it appeared that an assessment was in each case imposed upon lots belonging to the petitioner.

The petitioner proved the ownership of the premises assessed, at and prior to the date of the confirmation of said assessments, and ever since.

That the value of said premises, as valued by the ward assessors in the years 1874, 1873, 1864 and 1863, was $0.

The counsel to the corporation introduced the following proof, to which the petitioner duly objected and excepted:

Extract from the records of taxes and assessments, for the year 1858, showing the last assessed valuation of the lots of petitioner, to wit, for the year 1858.

It thereby appeared in proof that the several assessments numbered one, three and four did not exceed one-half the value of the lots as valued by the ward assessors in the year 1858. It also appeared that assessment number two did exceed one-half of such valuation.

Petitioner requested the judge by whom the proceeding was heard to order that the several assessments be vacated, which request was refused and petitioner excepted. The judge decided that assessment number two be reduced to one-half of the value of the lots as valued by the ward assessors in 1858.

Petitioner requested the judge to order that upon the assessment as reduced, interest should run only from the date of the order reducing the same, which request was refused and petitioner duly excepted.

*Charles E. Miller*, for the appellant.

*J. A. Beall*, for the respondent.

DAVIS, P. J.:

*In re The Church of St. Michael*, which involved the same questions as in this case, BARRETT, J., at Special Term, pronounced the following opinion:

the petitioners.    The assessments were imposed in 1869, 1870, 1872 and 1874.

The petitioners acquired title to the property upon which the assessment was imposed, seventeen lots, in the year 1860, and erected thereon a building used as a house of industry. The property was never valued by the ward commissioners as required by section 7 of chapter 326 of 1840, after its acquisition by the petitioners.

---

"Barrett, J. In *The Second Ave. M. E. Church Case*, the city claimed that it did not appear 'that there was not a valuation for the term of five years before the trial.' But, said the Court of Appeals, 'it was not proven that there was.' It is apparent that the case proceeded upon the tacit assumption that *there had never been a valuation* put upon the lots by the ward assessors or by their successors.'

" This may be said to have been an intimation that if the city *had proved* a prior valuation, the result would have been different. Here this is .proved, and thus partial justice, at least, may be done.

" It is urged that the legislature meant to limit assessments to one-half the valuation put upon lands by the ward assessors *in the year in which the local assessment is laid.* This may well have been the intent with respect to lands subject to general taxation, and which it is the duty of the ward assessors annually to value. It could scarcely have been the intent, however, with respect to. church property not subject to a taxation, for the duty of making a valuation *in the year in which the assessment is laid* is not imposed upon the ward assessors.

" The legislature has not expressly exempted church property from assessment for local improvements, and it cannot be that it intended to effect such exemption in this obscure and indirect manner.

" It is more reasonable to assume a legislative intent to impose even a different (and probably reduced) rate of assessment on church property from that imposed upon adjoining property, than an intent in this roundabout way to impose no rate at all. The word 'reduced' is used advisedly because the old valuations for lands now used for church purposes áre very generally *much* less than could now be fairly made, especially in view of the addition of church edifices.

" In the present case the city has proved a valuation by the ward assessors at a time when it was their duty to make such valuation. It is not pretended that such valuation is unjust, or that the property has since depreciated.

" The assessment must, therefore, be reduced in conformity to the proof, and as reduced sustained."

. We think this opinion disposes of the several questions in this case correctly.

。  It was held by the Court of Appeals, in *The Matter of the Sec. Ave. M. E. Church*, that under section 7 of chapter 326 of the Laws of 1840, lands could not be assessed for local improvement unless they had been previously assessed for the purposes of general taxation by the assessors of the ward in which they are situated. It is understood that that court has since held that by a subsequent statute such lands are subject to assessment for local improvement. We think,

It appeared upon the hearing that thirty-six lots, including those of the petitioner, were valued by the ward commissioners in the years 1854, 1855 and 1856. The total valuation of the petitioners' lots, in the latter year, was $4,839.90.

One of the assessments was for making a sewer in Seventy-seventh street, and amounted to $3,472.60.

The petitioners claimed that the assessments were invalid, because the lots had not been valued by the ward commissioners at the time the assessments were imposed; and that, even if the prior valuation was a sufficient compliance with the statute, the assessment for the sewer in Seventy-seventh street was invalid, because it exceeded one-half of such valuation.

---

however, that under the former of these decisions this case was rightly decided. The last assessed valuation of the lands in question was produced. That was made by the ward assessors in the year 1858. In respect of a part of the assessment, the amount imposed did not exceed one-half of said valuation. In respect of other parts, it appeared that the amounts imposed did exceed one-half; but the court below reduced the assessment in those cases to an amount equal to one-half of the assessment of 1858. It cannot, in our judgment, be presumed that by section 7 of chapter 326 of the Laws of 1840 it was the intention to impose upon other lands benefited by a local improvement all the burden of such improvement, where such benefits were shared equally by lands which could not be assessed for general taxation. The intention was to fix a limit beyond which assessments for local improvements should not be extended upon the premises benefited thereby. That limit is expressed by the section as one-half of the value of such house, lot, improved or unimproved land, as valued by the assessors of the ward in which the same shall be situated. There is nothing in the section to require that such valuation by the assessors shall be made in the same year with the assessment for improvements or at any other particular time. It is enough if such valuation has been made by the assessors at any time when they had lawful power to act upon the subject. The fact that they had made such valuation was proved in this case, and the other fact that since that time, by change of ownership and occupancy, the lands had become legally exempt from general taxation, and so had not been valued for that purpose, does not at all change or affect the force of the valuation made when they were subject to general taxation. The court disposed of the question without any conflict with the decision in *The Matter of the M. E. Church* and in accordance with the right and justice of the case.

For that reason the order of the court below should be affirmed, with ten dollars costs and disbursements.

Daniels and Brady, JJ., concurred.

*Irving Ward*, for the appellants.

*I. A. Beall*, for the city.

BRADY, J.:

The petitioners claim that there never was any valuation placed upon the property which they own, and that their case falls directly within the decision made by the Court of Appeals in *The Matter of the Second Avenue Methodist Church*, decided in June, 1876, and which went up from this court. They also claim that the assessment for the sewer in Seventy-seventh street should be vacated, as it is based upon an estimate exceeding one-half of the valuation of the property assessed, as shown by the corporation, and inasmuch as the court has no power to order a reduction of the amount unless authorized by the charter of 1870, which is denied.

The first premise is unfounded, because the facts do not warrant it. There had been an assessed valuation of the property prior to the imposition of the assessments, namely, in 1854, 1855 and 1856, and this fact, it was determined by the court below, removed it from the operation of the decision made in the Court of Appeals. This view seems to be correct. The court said in that case: "It is apparent that the case proceeded upon the tacit assumption, that there had never been a valuation put upon the lots by the ward assessors or their successors." And again: "The authority to the city, in the purview of the proviso, is no more than to assess for local improvements all property benefited thereby, when that property has been previously valued by the general tax assessing officers." The proof was made, therefore, by the city of a previous and duly assessed value by the proper officers, which furnished the link which was omitted in the case of the Second Avenue Methodist Church, and makes the assessments valid.

In reference to the assessment for a sewer in Seventy-seventh street, it seems to be conceded that the impost was based upon an erroneous valuation of the property, being in excess of one-half of its assessed value. This does not render it necessary to vacate the assessment. There can be no doubt that it may be reduced under the provisions of the charter of 1870. (Laws 1870, page 903, chap. 383, § 27.) There is nothing, in the judgment of the Court of

Appeals, in the Second avenue case affecting this question. The lack of authority to impose an assessment, which was declared in that case, is given here by the proof suggested, and hence the assessment in excess is an irregularity only.

The order should be affirmed, therefore, except as to the assessment for the sewer in Seventy-seventh street, and as to that it should be reduced to the proper sum.

Ordered accordingly, without costs to either party on this appeal.

Davis, P. J., and Daniels, J , concurred.

Order affirmed, except as to the assessment for the sewer in Seventy-seventh street, and as to that reduced to the proper sum, without costs to either party.